# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JACILENE C. TARGINO,

        Plaintiff,

-vs-                             Case No.  6:06-cv-811-Orl-19DAB

LODGIAN HOTELS, INC., SOARES
INACIO ENTERPRISE,

        Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 28)** |
| **FILED:** | **January 9, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district

court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*   A Settlement Fairness Hearing was held on January 10, 2007 with counsel for both parties participating telephonically.

Plaintiff was employed by Defendants as a housekeeper/room inspector and was paid straight time for hours over forty, which should have been paid as overtime.  Doc. No. 17-2.  The parties were able to accurately determine Plaintiff's working hours from time records.  Plaintiff sought approximately $2,754.24 for 340 hours of alleged overtime worked and liquidated damages.  According to counsel, the settlement to Plaintiff of $5,750 for unpaid wages, liquidated damages, and attorney's fees includes the full amount of the disputed overtime wages Plaintiff sought.

The portion of the settlement attributable to attorney's fees is $2,419 of the $5,750 total settlement.  Plaintiff's counsel litigated the case on behalf of Plaintiff, filing pleadings, responding to the Court's interrogatories, reviewing time records, and conferring with opposing counsel.  At Mr.

Scalise's rate of $300, attorney's fees of $2,419 represents roughly 8 hours of billable time.  The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $5,750 to Plaintiff for unpaid wages, liquidated damages, and attorney's fees is a fair and reasonable settlement.  It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 10, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy